James L. Morris (State Bar No. 109674)
Brian C. Sinclair (State Bar No. 180145)
Jesse E.M. Randolph (State Bar No. 221060)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile:  714-546-9035

Attorneys for Defendant
LENSCRAFTERS, INC.

*E-FILED ON 9/27/05*

Robert S. Boulter (State Bar No. 153549)
Peter C. Lagarias (State Bar No. 77091)
THE LEGAL SOLUTIONS GROUP, L.L.P.
1629 Fifth Avenue
San Rafael, California 94901-1828
Telephone: 415-460-0100
Facsimile:  415-460-1099

Attorneys for Plaintiff
RICHARD RAMSDELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD RAMSDELL, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENSCRAFTERS, INC., an Ohio Corporation,<br><br>Defendant. | Case No. C 03-2652 JW (HRL)<br>Judge James Ware<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND** [XXXXXXXX] **PROTECTIVE ORDER AND ADDENDUM TO PROTECTIVE ORDER**<br><br>Date Action Filed:  June 6, 2003<br>Trial Date:           None Set<br><br>**(MODIFIED BY THE COURT)** |

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

Stipulated Confidentiality
Agreement and Protective Order
Case No.  C 03-2652 JW (HRL)

1  Plaintiff, Richard Ramsdell ("Plaintiff"), and Defendant LensCrafters, Inc.
2  ("Defendant"), by and through their respective counsel, hereby stipulate as follows:
3  WHEREAS, in connection with discovery in this case, the parties have sought, or
4  may seek, certain documents and/or information that the others contend is private, highly
5  confidential, and/or proprietary;
6  WHEREAS, the parties desire to protect the confidentiality of such documents and
7  information to ensure that they can obtain and pursue discovery with a minimum of delay
8  and expense;
9  NOW, THEREFORE, it is hereby stipulated and agreed as follows:
10  1.  The terms of this Order shall apply to all manner and means of discovery,
11  including inspection of books, records, magnetic or electronic media, documents and
12  things, and all written and oral discovery.
13  2.  Any information produced in this litigation in any form (including, but not
14  limited to, documents, magnetic media, answers to interrogatories, responses to
15  documents demands, responses to requests for admissions, and deposition testimony and
16  transcripts) that any party or third party ~~reasonably~~ believes **in good faith** to contain proprietary,
17  competitively sensitive, trade secret, private, or non-public financial information **which warrants protection under Fed.R.Civ.P. 26(c),** may be
18  designated by such party or third party as confidential by so advising counsel for all
19  parties in writing. Documents, or portions thereof, that are considered confidential may
20  be so designated by marking them, in their entirety, with one of the two confidentiality
21  designations hereafter provided for in this Order (which designations are collectively
22  referred to in this Order as "CONFIDENTIAL"). **(See Addendum to Protective Order).**
23  3.  A producing party or third party (collectively "a producing party") may
24  designate information as "CONFIDENTIAL." **Unless otherwise ordered by the Court,** CONFIDENTIAL materials may be
25  given, shown, made available to, or communicated only to:
26  a.  counsel of record, in-house legal personnel, and counsel's
27  employees to whom it is necessary that the material be shown for purposes of this
28  litigation;

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

-1-

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

  b. counsel's third-party consultants and independent experts who are employed for the purposes of this litigation;

  c. the Court and Court personnel and stenographic reporters at depositions taken in this action;

  d. present officers or employees of a party who are actively assisting the party in the prosecution or defense of this litigation;

  e. any deponent, during his or her deposition, who is the party (or a current employee or member of the party, or any person who prepared or assisted directly in the preparation of the CONFIDENTIAL material) that designated the material as CONFIDENTIAL; and

  f. any other deponent as to whom there is a legitimate need to disclose particular materials for purposes of identifying or explaining it or refreshing recollection.

 It shall be the duty of the parties to ensure that each person given access to CONFIDENTIAL material, as defined herein, be made aware of the provisions of this Order. Persons in categories 3(b) and 3(f) may have access to "CONFIDENTIAL" information only after signing an "Acknowledgement" in the form attached hereto as Exhibit A. Information designated "CONFIDENTIAL" shall not be disclosed to anyone other than the individuals specified in this paragraph.

 4. CONFIDENTIAL information may be shown or disclosed to fact witnesses or potential percipient witnesses at or in preparation for deposition or trial who are persons other than those authorized to receive such material by the terms of Paragraph 3 of this Order, provided that such witnesses or prospective witnesses first sign an Acknowledgement in the form attached hereto as Exhibit A.

 5. If a producing party believes that information produced in this litigation is of extreme competitive sensitivity to itself or others, the producing party may designate the information "CONFIDENTIAL — ATTORNEYS' EYES ONLY." It is intended that the CONFIDENTIAL — ATTORNEYS' EYES ONLY designation be used only for such discovery materials or court documents as is necessary to avoid serious injury to the

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

-2-

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

producing party or others if such materials were disclosed to other parties or the public. Except as the Court specifically orders, information designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed only to:

    (a)    outside counsel of record and counsel's employees to whom it is necessary that the material be disclosed for purposes of this litigation;

    (b)    outside counsel's third party consultants and independent experts who are employed for the purposes of this litigation and who are not affiliated with, controlled by, or agents of, any party to this litigation; and

    (c)    the Court and Court personnel and stenographic reporters at depositions taken in this action (subject to ¶¶ 10-12).

Persons in category 5(b) may have access to information designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY," only after signing an Acknowledgement in the form of Exhibit A attached hereto. Information designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the individuals specified in this paragraph.

6. A producing party's designation of information as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall in no way prevent the persons identified in Subparagraphs 5(a) and (b) from discussing with their clients their conclusions and opinions based on examination of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information (without revealing the actual content thereof).

7. If a producing party inadvertently fails to stamp or otherwise appropriately designate certain documents upon their production, it may thereafter designate such documents as CONFIDENTIAL by promptly giving written notice to all parties that the material is to be so designated. All parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," as described above.

8. Nothing in this Protective Order shall prohibit a party or its counsel from disclosing CONFIDENTIAL material to (a) the person(s) who authored the document or

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

-3-

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

material; (b) persons who previously received the document or material or a copy thereof not in violation of this Order; (c) persons employed by the producing party; or (d) any other person or entity, provided that, with respect to that person or entity, the producing party and producing party's counsel first approve such disclosure.

9. All information designated as CONFIDENTIAL material shall be used solely for the purposes of prosecuting or defending this action. Information designated as CONFIDENTIAL material shall not be used for any business or other purpose except as set forth herein.

10. Any party filing with the Court any pleading, memorandum of points and authorities, brief, affidavit, declaration or other paper containing, appending, excerpting, or otherwise disclosing CONFIDENTIAL information must seek the Court's permission to file the CONFIDENTIAL portions under seal in accordance with Federal Rule of Civil Procedure 26(c), and **Civil Local Rule 79-5.** ~~or other applicable federal and local rules, as follows:~~

~~a. To the extent that a party seeking to file with the Court any information that has been designated as CONFIDENTIAL does not intend to seek an order that the information may be filed under seal, such party must notify the producing party at least five (5) business days prior to the party's submission of a motion or application pursuant to Federal Rule of Civil Procedure Rule 26(c) and other applicable rules of law, so that the producing party may submit briefing to the Court in support of the confidential treatment and the filing under seal of the information.~~

~~b. The party seeking to file documents subject to a pending motion or application to seal must put the documents in a sealed envelope, lodge the sealed envelope with the Court, and affix to the sealed envelope the caption of the case and the following notation (or a similar notation):~~

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

-4-

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

1 ~~Contains Confidential Material Subject To~~
2 ~~A Motion To File The Record Under Seal,~~
3 ~~To Be Opened Only By Or As Directed By The Court~~

4 ~~c.     Pending determination of the motion or application, the lodged~~
5 ~~record shall be conditionally under seal;~~

6 ~~d.     If necessary to prevent disclosure, the motion or application, any~~
7 ~~opposition, and any supporting documents, must be filed in a public redacted version and~~
8 ~~lodged in a complete version conditionally under seal;~~

9 ~~e.     If the Court denies the motion or application for an order to file the~~
10 ~~documents under seal, the clerk must return the lodged record to the submitting party and~~
11 ~~must not place it in the case file. The submitting party, at its election, may then re-file~~
12 ~~the materials without a CONFIDENTIAL designation or may re-file its papers without~~
13 ~~the inclusion of the CONFIDENTIAL material at issue.~~

14       f.     A copy of this protective order shall either be submitted with the lodged documents or made an exhibit to the motion or application to seal.

16    11.    Should counsel for any party desire to use CONFIDENTIAL material, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and counsel for the designating party may at the time of that use request that any portion of the transcript containing that reference to CONFIDENTIAL information, and any CONFIDENTIAL documents attached as exhibits, be filed under seal with this Court and be accorded treatment as CONFIDENTIAL information as provided by this Order. Counsel for the parties shall exercise due care not to disclose CONFIDENTIAL information needlessly in the public record of any proceedings.

25    12.    In the case of depositions, designation of the portions of the transcript (including exhibits) that contain CONFIDENTIAL material shall be made as follows: Upon review of the transcript by counsel for the party to whose CONFIDENTIAL material the contents of the deposition relate, that counsel shall designate within 14 days

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05          -5-          Stipulated Confidentiality
                                          Agreement and Protective Order
                                          Case No. C 03-2652 JW (HRL)

1  after counsel's receipt of the transcript, by written communication to the other parties, the
2  specific pages and lines to be designated as CONFIDENTIAL. Counsel shall list in a
3  separate piece of paper the numbers of pages of the transcript containing
4  CONFIDENTIAL material, inserting the list at the end of the transcript, and mailing
5  copies of the list to counsel for all parties so that it may be affixed to the face of the
6  transcript and each copy thereof. Pending such designation by counsel, the entire
7  deposition transcript, including exhibits, shall be deemed CONFIDENTIAL —
8  ATTORNEYS' EYES ONLY. If no designation is made within 14 days after receipt of
9  the transcript, the transcript shall be considered not to contain any CONFIDENTIAL
10 material.

11      13.   Notwithstanding any other provision of this Order to the contrary, the
12 confidentiality obligations of this Order shall not apply, or shall cease to apply, to any
13 information that:

14      a.   At the time of disclosure hereunder, was already lawfully in the
15 possession of the receiving party and was not acquired through discovery or under any
16 obligation of confidentiality; or

17      b.   At the time of disclosure hereunder was, or subsequently becomes,
18 through no fault of the receiving party, a public document or publicly available.

19      14.   Any party may, at any time after production of material designated as
20 CONFIDENTIAL, object to its designation by notifying the producing party in writing of
21 that objection and specifying the designated materials to which the objection is made.
22 The parties shall, within ten (10) days of service of the written objections, confer
23 concerning the objection. If the parties do not resolve the objection, the producing party
24 shall, within thirty (30) days of the conference, file and serve a motion to obtain a court
25 determination of the dispute concerning the material's confidentiality. The contested
26 materials shall be ~~lodged with~~ **submitted to** the court pursuant to Federal Rule of Civil Procedure 26(c)
27 ~~and/or other applicable federal or local rules.~~ **Civil Local Rule 79-5.** The ~~producing~~ party **claiming confidentiality** shall bear the burden
28 of showing that the contested material ~~is CONFIDENTIAL~~ **warrants protection under Fed.R.Civ.P. 26(c).** In the event a motion is

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

-6-

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

1  timely filed pursuant to this paragraph, the CONFIDENTIAL information in question
2  shall remain subject to this Order until the Court rules on the motion.

3      15.    This Protective Order is entered solely for the purpose of facilitating the
4  exchange of documents and information between the parties to this action without
5  involving the Court unnecessarily in the process. The production of information
6  designated as CONFIDENTIAL material pursuant to this Order shall in no way constitute
7  (a) a waiver of any right to object to the production or use of the same information on
8  other grounds; or (b) a general or limited waiver of the attorney-client, work product or
9  other privilege or legal protection; or (c) a waiver of any right to object to the production
10 or use of other documents in this litigation or in any other litigation; or (d) an admission
11 that the document is CONFIDENTIAL. By signing this Order, a producing party is not
12 deemed to waive any objection to the production of any document. In addition, the
13 election by any party to disclose any portion of its CONFIDENTIAL information to
14 others shall not be deemed a waiver of any of the rights established by this Order. The
15 placing of any "CONFIDENTIAL" designation or a production identification number on
16 the face of a document produced shall have no effect on the authenticity or admissibility
17 of that document at trial.

18     16.    At the conclusion of all proceedings in this litigation, including but not
19 limited to final adjudication of any appeals or petitions for hearing, settlement, or for
20 extraordinary writs, all information designated as CONFIDENTIAL material and all
21 copies thereof, and all documents reflecting CONFIDENTIAL information that are not in
22 the Court's custody, shall be returned to counsel for the producing party designating that
23 information as CONFIDENTIAL within 30 days after the conclusion of all proceedings
24 in this litigation. Alternatively, with the express written consent of counsel for the
25 designating party, all documents in the possession of a party, other than the designating
26 party, that contain any such CONFIDENTIAL information, shall be destroyed within 30
27 days after the conclusion of all proceedings in this litigation. Counsel for the respective
28

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

-7-

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

parties shall confirm in writing to the party designating the information as CONFIDENTIAL that they have complied with the requirements of this paragraph.

17. Nothing in this Protective Order shall preclude any party to this Order from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as CONFIDENTIAL material.

18. Any violation of the terms of this Protective Order may result in the imposition of such relief as the Court deems appropriate, including specific performance and injunctive relief. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law. The Court shall retain jurisdiction to enforce this Protective Order ~~beyond the conclusion of this litigation~~, including personal jurisdiction over all persons subject to this Order for a period of six months after the conclusion of all proceedings in this litigation.

19. The Court may enter the attached Protective Order requiring compliance with this Stipulated Confidentiality Agreement.

IT IS SO STIPULATED.

Dated: ~~August~~ Sept. 7, 2005

THE LEGAL SOLUTIONS GROUP, L.L.P.
ROBERT S. BOULTER

By: _____
Robert S. Boulter
Attorneys for Plaintiff
RICHARD RAMSDELL

Dated: ~~August~~ Sept. 12, 2005

RUTAN & TUCKER, LLP
JAMES L. MORRIS
BRIAN C. SINCLAIR

By: _____
Brian C. Sinclair
Attorneys for Defendant
LENSCRAFTERS, INC.

## ORDER

Good cause appearing therefore,

This Stipulated Confidentiality Agreement and Protective Order, in its entirety, **as modified by the Court,** is hereby ordered into full force and effect.

DATED: **September 27**, 2005

/s/ Howard R. Lloyd
UNITED STATES ~~DISTRICT~~ JUDGE
**MAGISTRATE**

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05

Stipulated Confidentiality
Agreement and Protective Order
Case No. C 03-2652 JW (HRL)

# EXHIBIT "A"

## ACKNOWLEDGEMENT REGARDING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED BY THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Richard Ramsdell v. LensCrafters, Inc.*, Case No. C 03-2652 JW (HRL)

I acknowledge that I have read the Protective Order entered in this action by the United States District Court, Northern District of California, San Jose Division, in the case identified above, on _____. I understand the terms of the Protective Order, and I agree to be bound thereby. I further understand that a violation of this Protective Order may be punishable as a contempt of court and that other legal action may be taken against me to recover damages caused by violation of the Protective Order. I agree to subject myself to the jurisdiction of the United States District Court, Northern District of California, San Jose Division for the purpose of any proceedings related to the performance under, compliance with, or violation of the Protective Order.

Dated: _____   _____
                                                                        [Signature]

Rutan & Tucker LLP
attorneys at law

2210/017851-0033
624048.02 a08/29/05                    -1-                    Stipulated Confidentiality
                                                              Agreement and Protective Order
                                                              Case No. C 03-2652 JW (HRL)

# ADDENDUM TO PROTECTIVE ORDER
Ramsdell v. Lenscrafters, Inc.,
Case No. C03-02652 JW (HRL)

IT IS HEREBY ORDERED as follows:

<u>DESIGNATION OF DOCUMENTS</u>

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited. Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

1  5:03-cv-2652 Notice will be electronically mailed to:

2  Robert Samuel Boulter     rsb@tlsgroup.com

3  Peter C. Lagarias , Esq     pcl@tlsgroup.com,

4  James L. Morris     jmorris@rutan.com, bsinclair@rutan.com;jrandolph@rutan.com

5  Paul Sheldon Sanford     P4762468@aol.com,

6  Brian Christopher Sinclair     bsinclair@rutan.com,

7  Eric Sternberger     esternberger@tlsgroup.com,

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28